**UNITED STATES of America,**
**Appellee,**

v.

**Dock TALBERT, Appellant.**

**No. 9525.**

United States Court of Appeals
Fourth Circuit.

Argued May 4, 1965.

Decided March 9, 1966.

John M. Schofield, Rock Hill, S. C. (Robert W. Hayes, Rock Hill, S. C., on the brief), for appellant.

Terrell L. Glenn, U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

Charged with five counts of violation of the Mann Act,[1] the defendant was acquitted by the jury on the first three counts and convicted on the last two. Concurrent sentences of five years were imposed upon each of those counts. The defendant has appealed.

There was abundant evidence to support the defendant's conviction on the fifth count. The victim testified that the defendant transported her from Gastonia, North Carolina, her home, to Columbia, South Carolina, on June 14, 1963, where, at his behest and pursuant to arrangements made by him, she worked as a prostitute in the Columbia Hotel. There was corroborating testimony by employees of the hotel that on several occasions the victim had worked as a prostitute in the hotel, and that, on those occasions, she had been accompanied by the defendant, who arranged with the employees for her custom and who dispensed the financial rewards.

Count four of the indictment charged a similar transportation of the victim from Gastonia, North Carolina to Columbia, South Carolina, on June 2, 1963. Count three, upon which he was acquitted, charged yet an earlier transportation of the victim from Gastonia, North Carolina to Columbia, South Carolina on May 28. The testimony discloses, however, only one such trip during that period. The victim testified that she was brought by Talbert to Columbia on May 28 or May 29. They then went from Columbia, South Carolina to Daytona Beach, Florida, where they stayed three days, after which they returned to Columbia after a stop in Augusta, Georgia. From Columbia, they then went to Myrtle Beach, South Carolina, from whence they returned to Gastonia.

Thus the testimony discloses only one transportation of the woman from Gastonia to Columbia subsequent to May 22 and prior to June 14. The indictment charged two such trips during that period, the one on May 28 being the subject of the third count of the indictment, and, although the evidence supports that charge, the jury found Talbert not guilty on the third count. The other transportation charged was on June 2 and was the subject of the fourth count of the indictment.

Since we can find no evidence supporting the fourth count of the indictment, in light of the jury's acquittal on the third count of the indictment, we think the conviction on the fourth count may not stand.

We take action to reverse the conviction on the fourth count in this direct appeal, despite the fact that concurrent sentences were imposed, for the double conviction might affect his eligibility for parole.

The conviction on the fifth count of the indictment is affirmed; the conviction on the fourth count is reversed.

Affirmed in part and reversed in part.

1. 18 U.S.C. § 2421.